# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

MATTHEW BRIAN BOSEMAN, )
        #238770, )
                             )    CIVIL ACTION NO. 0:07-1344-DCN-BM
              Petitioner, )
                             )
v. )
                             )
Richard E. Bazzle, Warden, )    **REPORT AND RECOMMENDATION**
Perry Correctional Institution, )
                             )
            Respondent. )
_____)

        This is a Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on

May 14, 2007. The Respondent filed a return and motion for summary judgment pursuant to Rule

56, Fed.R.Civ.P., on July 30, 2007.  As the Petitioner is proceeding pro se, a Roseboro order was

filed on July 31, 2007,  advising the Petitioner that he had thirty-four (34) days to file any material

in opposition to the Respondent's motion for summary judgment.  Petitioner was specifically advised

that if he failed to respond adequately, Respondent's motion may be granted, thereby ending his case.

Petitioner thereafter filed a memorandum in opposition to the motion for summary judgment on

September 4, 2007.  This matter is now before the Court for disposition.[1]

## Procedural History

        The file reflects that Petitioner was indicted in the February 1996 term of the Richland

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



County Court of General Sessions for murder [Indictment No. 96-GS-40-09333] and armed robbery [Indictment No. 97-GS-42-4351]. (R.pp. 1817-1820). On November 20, 1996, Petitioner began a jury trial; however, a mistrial was declared in that trial. (R.pp. 1-566). Petitioner again went to trial before a jury on April 7, 1997, at which he was represented by Douglas Strickler, Esquire, and Cynthia Durham, Esquire. (R.pp. 567-1526). At the conclusion of this trial, Petitioner was found guilty as charged; (R.pp. 1519-1520); and the trial judge sentenced him to life imprisonment for murder and twenty (20) years confinement for armed robbery. (R.pp. 1524-1525). The judge ordered that ten (10) years of the armed robbery sentence was consecutive and ten (10) years of this sentence was concurrent to the life sentence. (R.p. 1525).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Aileen D. Clare and Melissa J. Reed Kimbrough, Assistant Appellate Defenders, who raised the following issue:

> Whether the trial judge abused its discretion by disqualifying Juror Woodard over defense counsel's objection merely because her sister had served as a juror on a previous mistrial of the case?

(R.p. 1628).

The State filed a Final Brief of Respondent on August 14, 2000, in which it framed the issue before the Court as follows:

> Whether Appellant was prejudiced by the trial judge's replacement of juror Woodard with an alternate when she brought to the court's attention that she had discussed the case with her sister, a juror in the previous trial of this case which had resulted in a mistrial based upon juror misconduct, and she had failed to bring this matter to the trial judge's attention during voir dire so that he could have struck her for cause or the parties may have used a peremptory challenge against her?

(R.p. 1638).

On November 17, 2000, the South Carolina Supreme Court affirmed Petitioner's

2



convictions and sentence in an unpublished Opinion.  <u>State v. Brian Boseman</u>, 2000-MO-136 (S.C.S.Ct. filed Nov. 17, 2000).  (R.pp. 1661-1662).  The Remittitur was sent down on December 7, 2000.  <u>See</u> Respondent's Exhibit 2.

On February 26, 2001, Petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court.  (R.pp. 1663-1678).  Petitioner raised the following issues in this APCR:

> I.  Was appellate counsel ineffective, or was there a legitimate strategic purpose for failing to raise the obvious and significant issue of whether there was a miscarriage of justice under the plain error doctrine when the trial judge gave a prejudicial instruction to the jury concerning a statement alleged to have been made by the defendant?
>
> II.  Was trial counsel ineffective for failing to present witnesses in support of an alibi when alibi was presented to the jury?
>
> III.  Was trial counsel ineffective for failing to request that the jury be charged as to an alibi defense when alibi was presented at trial?
>
> IV.  Was trial counsel ineffective for failing to object to a prejudicial jury instruction?
>
> V.  Was trial counsel ineffective for failing to present a witness to counter hearsay testimony?

(R.p. 1670).

On January 7, 2005, Petitioner filed an amended application raising the following additional issues:

> I.  The Trial Court lacked subject matter jurisdiction to enter judgment against the Applicant where the indictment for murder was fatally defective in that it failed to state the time and place of the death of the victim.  <u>Winns v. State</u>, (2003 WL 23279854 (S.C.Crim.Pl.))
>
> II.  Trial counsel should have requested an alibi instruction regarding a certain statement given by a State's witness, and should have objected to the actual instruction given by the court to the Jury concerning the alibi statement.  The way the Court instructed the jury only allowed the jurors to use the statement against Applicant - when, in fact, the statement presented Applicant with a complete defense and it should have been for the jury to decide what credence to give it.



III. Appellate counsel should have raised the issue concerning the instruction given the jury regarding the alibi statement.

(R.p. 1685).

An evidentiary hearing was held on Petitioner's APCR on January 11, 2005, at which Petitioner was present and represented by Tara Dawn Shurling, Esquire. (R.pp. 1527-1623, 1689-1785). On July 19, 2005, the PCR judge entered an order denying relief and dismissing the petition. (R.pp. 1811-1816).

Petitioner then filed a timely notice of appeal with the South Carolina Supreme Court. Petitioner was represented on appeal by Wanda H. Carter, Assistant Appellate Defender, and raised the following issues:

1. Did trial counsel err in failing to require and formulate an ear/voice identification line-up to test the reliability of Nathaniel Smalls' voice identification?

2. Did trial counsel err in failing to present favorable witnesses in support of an alibi defense in the case?

3. Did trial counsel err in failing to request a mere presence instruction in light of the evidence presented at trial?

See Respondent's Exhibit 3, p. 2.

On March 6, 2006, Petitioner made a "Motion to relieve Appellate Counsel and proceed pro se". See Respondent's Exhibit 4. Petitioner then submitted a Motion to Strike the Petition for Writ of Certiorari so that he could file a petition pro se. See Respondent's Exhibit 5. On April 5, 2006, the South Carolina Supreme Court denied these motions. See Respondent's Exhibit 6. Petitioner then filed an undated "Motion to Reconsider", as well as a Motion to Amend the Motion for Reconsideration dated April 11, 2006. See Respondent's Exhibits 7 & 8. The South Carolina Supreme Court denied Petitioner's motions, as well as the Petition for Certiorari, on May 24, 2006.

4



<u>See</u> Respondent's Exhibit 11. The Remittitur was sent down on June 9, 2006.    <u>See</u> Respondent's Exhibit 12.

Petitioner next filed a second and successive *pro se* PCR application dated June 19, 2006, in which he raised the following issues:

    1. Was trial counsel ineffective for failing to object to jury instruction?

    2. Was trial counsel ineffective for failing to present a rebuttal witness?

<u>See</u> Respondent's Exhibit 13, p. 2 (06-CP-40-3872).

Petitioner filed an amended APCR on August 28, 2006, in which he alleged the same grounds raised in the second application. <u>See</u> Respondent's Exhibit 14. On October 24, 2006, State Circuit Judge James R. Barber, III signed a Conditional Order of Dismissal, finding that the application should be dismissed for failure to timely file under S.C. Code Ann. § 17-27-45(A) and for being successive, and giving the Petitioner twenty (20) days to show why the order should not become final. <u>See</u> Respondent's Exhibit 16. The Final Order of Dismissal was thereafter filed on December 27, 2006. <u>See</u> Respondent's Exhibit 17.

Petitioner filed a Notice of Appeal in the South Carolina Supreme Court, and an "Explanation Required by SCACR 227(C)" on February 6, 2007. <u>See</u> Respondent's Exhibit 18. The South Carolina Supreme Court filed an Order of Dismissal on February 14, 2007, and sent the Remittitur down on March 2, 2007. <u>See</u> Respondent's Exhibits 19 and 20.

Petitioner then filed this habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254. Petitioner raises the following issues in this petition:

    **Ground One:**    Trial counsel was ineffective for failing to present witnesses in support of an alibi

5



defense.

**Ground Two:**     Trial counsel was ineffective for failing to request an alibi instruction.

**Ground Three:**     Trial counsel was ineffective for failing to request a "mere presence" instruction.

**Ground Four:**     Trial counsel was ineffective for failing to present a rebuttal witness.

<u>See</u> Petition, pp. 6-11.

### <u>Discussion</u>

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

### I.

In Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to present witnesses in support of an alibi defense. This issue was raised in Petitioner's PCR appeal, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d

6



813, 814 (S.C. 1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1094 (1986).   The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Boseman v. State of South Carolina</u>, No. 01-CP-40-825.  Specifically, the PCR judge found that: 1) counsel prepared and tried Petitioner's case twice; 2) counsel investigated this case, interviewed potential witnesses, and hired an investigator; 3) counsel did consider putting up the witnesses provided to him by the Petitioner, but that he was concerned about the partial or incomplete nature of the alibi to which they would testify; 4) counsel discussed this concern with Petitioner and this concern combined with the chance to argue to the jury last resulted in the decision not to put up these witnesses; 5) the Petitioner had not shown that counsel was deficient in his choice of tactics; 6) Petitioner had not shown a reasonable probability that the result at trial would have been different had trial counsel done what the Petitioner alleges he should or should not have done; and 7) Petitioner had not shown that his counsel was ineffective.  (R.pp. 1814-1815).

    Substantial deference is to be given to the state court's findings of fact.  <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert</u>. <u>denied</u>, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert</u>. <u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert</u>. <u>denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  <u>See</u> <u>also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert</u>. <u>denied</u>, 531



U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient.



This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  Mazzell, 88 F.3d at 269.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears  the burden of proving his allegations when seeking a writ of habeas corpus].  Petitioner was charged with the murder and armed robbery of a pizza delivery man on October 31, 1995.  On that date, the pizza establishment (Dominos) received a phone call ordering a pizza.  The victim delivered the pizza to the address, at which time he was shot and later died.  Several witnesses placed Petitioner at the scene, and Petitioner's co-defendant identified Petitioner as the shooter.

In an effort to establish an alibi, Petitioner's sister testified at the PCR hearing that she returned home on the night of the murder between 10:00 p.m. and 10:30 p.m., and that the Petitioner came into her room between ten and fifteen minutes later.  (R.pp. 1775-1776).  Petitioner's brother testified at the PCR hearing that he and some friends from college were home on the night of the murder, and that while different trips were made to a store to purchase beer, his brother was with him until approximately 10:00 p.m.  (R.p.  1765-1770).[2]  However,Petitioner's trial counsel testified at the PCR hearing that he investigated various potential alibis witnesses, and that while they could

---

[2]Petitioner's brother testified that he was not able to locate the other friends in order to have them present for the PCR hearing.  (R.pp. 1768-1769).

9



testify to the Petitioner being at home on the night of the robbery and shooting for a large portion of the relevant period, that it was an incomplete alibi since this testimony would not have covered the entire time period. (R.pp. 1723-1725). Counsel further testified that "as to a direct alibi defense, there was not a direct alibi defense. Okay? Two, I discussed that aspect of it with [the Petitioner] discussed how I felt about the case with [the Petitioner], and felt more comfortable myself in closing last rather than giving Mr. Gasser an opportunity to close after me." (R.p. 1732). Petitioner's counsel also testified that, "my recollection is that I didn't put up an alibi defense because I didn't have what I regarded as a classic alibi defense: he couldn't have done it; here's some witnesses; they cannot testify they were with him at the time the incident occurred. I believe my testimony also is I - - I can't tell you why I didn't put up witnesses to testify he was at the house at the time the call was made setting up this murder or robbery/murder." (R.pp. 1745-1746).[3]

Based on a review of the material and arguments before this Court, the undersigned finds and concludes that Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1). While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949

---

[3]Counsel testified that it had been seven (7) years since the trial and he could not remember all of the particulars of the case. (R.p. 1730).



F.2d 1354 (4th Cir. 1991), <u>cert.</u> <u>denied</u>, 505 U.S. 1230 (1992); <u>Horne v. Peyton</u>, 356 F.2d 631, 633 (4th Cir. 1966), <u>cert.</u> <u>denied</u>, 385 U.S. 863 (1966); <u>Burger v. Kemp</u>, 483 U.S. 776 (1987); <u>see</u> <u>also</u> <u>Harris v. Dugger</u>, 874 F.2d 756, 762 (11th Cir. 1989), <u>cert.</u> <u>denied</u>, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Petitioner has also failed to show that, even if his counsel had presented these witnesses, the outcome of his trial would have been different, and he has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>See</u>, discussion on evidence of guilt, <u>infra</u>; <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim should be dismissed.

## II.

In Ground Two of his Petition, Petitioner argues that his counsel was ineffective for failing to request an alibi instruction. Respondent argues that although Petitioner raised this issue in his APCR and it was ruled on by the PCR court, he did not raise it in his PCR appeal[4] and this issue is therefore procedurally barred from consideration by this Court. However, even though counsel did not raise this issue in her brief, it appears that the South Carolina Supreme Court did reach this issue when it held that "[s]ince counsel did not present an alibi defense at trial, the petitioner was not

---

[4]Petitioner did attempt to have his appellate counsel relieved, and apparently would have raised this issue in a <u>pro se</u> filing. However, he was not allowed to proceed <u>pro se</u>. <u>See</u> Respondent's Exhibits 5, 7, and 8.



entitled to an alibi charge."[5]  See Boseman v. State, Memorandum Order, dated May 24, 2006. Therefore, since the South Carolina Supreme Court reached the merits of this issue, the undersigned does not find that it is not procedurally barred from consideration by this Court.

Petitioner contends that he was entitled to an alibi instruction because his post arrest statement was introduced at his trial, which included Petitioner stating that at the time of the robbery, "I was in my crib [his house]."  (R.p. 1420).  Petitioner contends that evidence of an alibi was therefore introduced, and that his counsel was ineffective for failing to request an alibi instruction based on this evidence.  The state PCR court evaluated this claim under Strickland and found that Petitioner's counsel was not ineffective since there were no alibi witnesses presented and the defense's theory was that Petitioner was being framed by the co-defendant. (R.p. 1814).

In evaluating this claim for purposes of federal habeas relief, the undersigned notes that "[t]here is . . . no specific federal right recognized by the Supreme Court of the United States to have an alibi instruction."  Meyer v. Lanham, 27 F.Supp.2d 616, 619 (D.Md. 1998); Acencio v. McKinney, No. 05-1026, 2007 WL 2116253 at *11 n. 13 (E.D.N.Y. July 20, 2007). Therefore, the only issue before this Court is whether the state court's application of the Strickland test to this claim was reasonable.  See Cabral v. Adams, No. 03-3874, 2006 WL 2038315 at *9 (N.D.Cal. July 19, 2006); Honeycutt v. Roper, 426 F.3d 957, 960 (8th Cir. 2005)[when a State Court properly identifies the Strickland test as the applicable standard for ineffective assistance of counsel claims, the Federal Court's review is limited to reasonable application of the law to the facts]; 28 U.S.C. § 2254(d)(1). Upon  review of the record in the file consistent with the applicable caselaw, I do not find that the

_____

[5]The South Carolina Supreme Court also found that Petitioner's appellate counsel exercised reasonable professional judgment in not raising the issue of the alibi instruction on appeal. See Boseman v. State, Memorandum Order, dated May 24, 2006.



Petitioner was denied effective assistance of counsel, since even assuming that Petitioner's counsel was deficient in not requesting the alibi instruction, Petitioner has not shown the necessary prejudice. Strickland v. Washington, supra.

The record reflects that, in addition to making the statement about being at home, Petitioner also stated that he knew the Sheltons [the co-defendant's family], that he had been at their house on Halloween [the day of the shooting], and had been in and out of their house that day. (R.pp. 1420-1421). The co-defendant's father and brother testified that Petitioner was with them in the late afternoon of October 31 and ate dinner with them. (R.pp. 1020-1021, 1202-1206). The co-defendant, who was fourteen at the time, testified that Petitioner told him to come outside and proceeded to tell him that they [Petitioner and co-defendant] were going to rob the victim and told him the plan. The co-defendant was unarmed. While they were waiting in the woods on the victim, a group of trick or treating children led by Nathaniel Smalls and Tiffany Hopkins came through the woods, and Petitioner had a conversation with Smalls. (R.pp. 1092-1101). Smalls and Hopkins both testified about seeing Petitioner in the woods and about the conversation. (R.pp. 1216-1220, 1231-1239, 1262-1268). The co-defendant testified that after Smalls and Hopkins left and the victim arrived, Petitioner robbed the victim. (R.pp. 1101-1103). The co-defendant testified about the Petitioner firing at the victim, about Petitioner's conversation with the victim, and about Petitioner taking his cash, checks, and pizzas. The co-defendant then testified that they ran through the woods back to the Sheltons' house, where they went into the back yard and burned the pizza boxes. Later, Petitioner insisted that they watch the news, which discussed the robbery. (R.pp. 1102-1119).

The record further reflects that between 9:30 p.m. and 10:00 p.m., the victim drove to a convenience store and collapsed inside. (R.pp. 819-826). 911 was called and while the caller was



on the telephone, the victim gave a description of his assailants that subsequent testimony revealed was generally consistent with the Petitioner and the co-defendant. (R.pp. 826-831). The victim was transported to the hospital and died on November 3.    (R.pp. 853-861, 1325-1326).

Based upon the evidence in the record in this case and the applicable caselaw, the undersigned does not find that Petitioner has shown a likelihood that the trial court would have even given the charge had it been requested. Furthermore, Petitioner has failed to show prejudice or that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on this ground is therefore without merit, and should be dismissed. Fisher, 215 F.3d at  446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

### III.

In Ground Three of his Petition, Petitioner contends his counsel was ineffective for failing to request a mere presence instruction. This claim was presented in Petitioner's APCR, ruled on by the PCR court, and rejected on appeal by the South Carolina Supreme Court. Therefore, this claim has been properly exhausted for purposes of federal habeas review.

As previously discussed, since this issue involves a claim of ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland, 466 U.S. at 698; Pruett, 996 F.2d.



at 1568.  Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, supra; see  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2)]; and this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.  See discussion, supra.

Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.  Smith, 528 F.2d at 809.  The facts must support a jury instruction for it to be proper.  State v. Crosby, 559 S.E.2d 353 (S.C. 2002).  For example, mere presence instructions have been found to be warranted when the evidence presented supports the conclusion that a defendant was "merely present" at the scene where drugs were found and it was questionable whether the defendant had a right to exercise dominion and control over them.  See  Brunson v. State, 477 S.E.2d 711, 713 (S.C. 1996).  Mere presence instructions are also warranted where there is doubt over whether the defendant is guilty as an accomplice to a crime. In such a case, the trial court may be required to instruct the jury that mere presence at the scene is insufficient to find the defendant guilty as an aider or abetter.  State v. Dennis, 468 S.E.2d 674, 678 (S.C.Ct.App. 1996). The evidence in the case at bar is not sufficient to meet this standard.

Petitioner contends that testimony from the State's witness, Robert "Bubba" Simmons, entitled him to a mere presence instruction, because  Simmons testified that Petitioner told him that he was there, but that he [Petitioner] didn't kill the victim.  (R.p. 1296).  Petitioner's counsel noted on cross-examination that "being there" could have meant "being there" at different times other than when the victim was actually killed.  (R.pp. 1301-1302).  In any event, Petitioner's defense at trial



centered around his allegedly being "setup" by the Sheltons, and in his closing argument, Petitioner's counsel attempted to discredit Simmons' testimony and argued that he didn't know why Bubba Simmons had said what he said, implying that Simmons may have been afraid of the Sheltons (the family of the juvenile who was present at the crime scene). (R.p. 1478).

Respondent also points out that Petitioner's claim is contrary to the defense presented, which was that Petitioner was uninvolved completely and had been set up as the "fall guy" in the crime by his co-defendant and the Sheltons. Although Petitioner argues that a defendant can raise inconsistent defenses, citing to <u>Matthews v. United States</u>, 108 S.Ct. 883 (1988), Respondent argues that had counsel requested a mere presence charge it would have been an abandonment of Petitioner's defense and an admission of his presence, thus undermining his defense. The undersigned agrees, and finds that Petitioner has failed to show that trial counsel's performance was deficient in not requesting a mere presence instruction. If such an instruction had been given based on Simmons' testimony potentially placing the Petitioner at the scene, it would have undercut Petitioner's entire theory that he was not there. Furthermore, even assuming that a mere presence charge should have been given, Petitioner has not shown the likelihood of a different outcome. Cf <u>Carelock v. South Carolina</u>, No. 05291, 2006 WL 1074908, *11 (D.S.C. Apr. 20, 2006)[Finding that in light of the charge as a whole, there was no reasonable probability the result would have been different had the mere presence charge been given].

Therefore, even if Petitioner could show that his counsel's performance was deficient, he has not shown any prejudice as a result of counsel's failure to request the mere presence charge at issue. Petitioner has also failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable, and his claim that his counsel was ineffective on this ground should



therefore be dismissed.  <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>;  <u>Fisher</u>, 215 F.3d at  446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**IV.**

In the fourth and final ground of his Petition, Petitioner argues that trial counsel was ineffective for failing to present a rebuttal witness.[6]  Respondent argues that since this issue was not presented to the South Carolina Supreme Court in Petitioner's PCR appeal[7], it is procedurally barred from consideration by this Court. The undersigned agrees.

A review of the record confirms that Petitioner's counsel did not raise this issue in his PCR appeal.  As such, it is barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this claim, it is fully exhausted.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that

---

[6]Based on Petitioner's opposition memorandum to summary judgment, he does not appear to still be pursuing this issue in this case.  <u>See</u> Memorandum in Opposition to Summary Judgment, p. 27.  However, out of an abundance of caution, the undersigned has proceeded to discuss this issue on the merits.

[7]Petitioner's attempt to have his PCR appellate counsel relieved and to raise this issue <u>pro se</u> were denied by the South Carolina Supreme Court.  <u>See</u> discussion, <u>supra</u>.

17



has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

Since this claim was not pursued by the Petitioner in his PCR appeal, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

To the extent that Petitioner is attempting to assert attorney error based on PCR appellate counsel not having asserted this claim at the state level as "cause" for his failure to raise this issue, attorney error would only constitute the necessary "cause" if it constituted ineffective assistance of counsel violative of the Sixth Amendment. Coleman, 501 U.S. at 724. See Strickland, 466 U.S. at



694; Mazzell v. Evatt, 88 F.3d 263, 269 (4th Cir. 1996), cert. denied, 519 U.S. 1016 (1996).[8]

However, it was not ineffective assistance for counsel not to have raised on appeal any and every

conceivable claim that could have been imagined.  Causey v. Medlock, 993 F.2d 1536 n. (4th Cir.

1993)["Because the Sixth Amendment does not entitle [Petitioner] to assistance of counsel on appeal

from denial of state habeas relief, attorney error at that stage cannot amount to constitutionally

ineffective assistance and, therefore, cannot constitute cause."]; Anderson v. Sirmons, 476 F.3d 1131,

1141 (10th Cir. 2007)["Because a defendant bears the risk of attorney error that results in a procedural

default at the post-conviction stage, ineffective assistance of post-conviction counsel cannot excuse

a state procedural bar."]; Whelchel v. Bazzle, 489 F.Supp.2d 523, 537(D.S.C. Dec. 18, 2006); Larry

v. Polk, 412 F.Supp.2d 542, 546 (M.D.N.C. 2005). See also McCoy v. Lynaugh, 874 F.2d 954, 965

(5th Cir. 1989) ["*Strickland* does not require appellate counsel to raise every conceivable issue in

order to be effective."]; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989) [an appellate attorney

is not required to raise every conceivable claim in order to provide effective assistance of counsel].

Therefore, Petitioner has not shown cause as to why this issue was not raised in his PCR appeal, and

 "[n]either cause without prejudice nor prejudice without cause gets a defaulted claim into Federal

Court.".  Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035

(1991).

      Finally, Petitioner has also failed to make a showing of a fundamental miscarriage of justice

or actual innocence in his case. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986);

Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases,

---

[8]A detailed discussion and analysis of what is required to show ineffective assistance of counsel is set forth in Section I, infra.



"where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, this claim for relief is procedurally barred from consideration by this Court, and should be dismissed.

<u>Conclusion</u>

Based on the foregoing, it is recommended that Petitioner's Petition for Writ of Habeas Corpus be **denied**, that Respondent's motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 4, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
