IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MATTHEW BRIAN BOSEMAN, #238770, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| RICHARD E. BAZZLE, WARDEN, PERRY CORRECTIONAL INSTITUTION, | |
| Defendant. | |

C/A No. 0:07-CV-01344-DCN

**ORDER AND OPINION**

This matter is before the court on a petition by Matthew Brian Boseman (Boseman) for a writ of habeas corpus made under 28 U.S.C. § 2254. This court issued an order on July 24, 2008, granting Boseman a conditional writ of habeas corpus on the first of his four asserted grounds for relief. The Fourth Circuit reversed and remanded. The court now addresses Boseman's three remaining grounds.

**I.  BACKGROUND**

In 1996, Boseman was indicted in the Court of General Sessions for Richland County, South Carolina, on charges of murder and armed robbery. A jury found Boseman guilty on both charges. Boseman exhausted his direct appeals and state post-conviction relief (PCR) remedies and brought the instant petition on May 14, 2007. Appearing pro se, Boseman sought habeas corpus relief on the following four grounds, all based on ineffective assistance of trial counsel: (1) failure to present witnesses in support of an alibi defense; (2) failure to request an alibi instruction; (3) failure to request a mere presence instruction; and (4) failure to present a rebuttal

1

witness. Pet'r's Pet. 6-11. Respondent moved for summary judgment on June 30, 2007, and Boseman filed a response in opposition on September 4, 2007.

On February 4, 2008, Magistrate Judge Bristow Marchant issued a report and recommendation (R&R) recommending the court deny the writ and grant respondent's motion for summary judgment. This court rejected the R&R and granted Boseman a conditional writ of habeas corpus on the first of his four asserted grounds for relief. Specifically, this court found that under Strickland v. Washington, 466 U.S. 668 (1984), the PCR court unreasonably interpreted the facts and unreasonably applied the law with respect to Boseman's trial counsel's failure to present witnesses and evidence in support of an alibi defense. Boseman v. Bazzle, No. 07-1344, 2008 WL 2850703, at *15 (D.S.C. July 24, 2008), rev'd, 364 Fed. App'x 796 (4th Cir. 2010).

On appeal, the Fourth Circuit reversed, holding: (1) Boseman's ineffective assistance claim arising from his attorney's failure to call an alibi witness was not procedurally barred; (2) this court erred in finding the PCR court applied a per se rule of reasonableness rather than a presumption of reasonableness; and (3) this court erred in holding the PCR court's decision was objectively unreasonable under Strickland and was based on an unreasonable interpretation of the facts. Boseman, 364 Fed. App'x at 803-09. The Fourth Circuit remanded to this court for further proceedings. On April 27, 2011, Boseman filed a motion asking this court to address the remaining three grounds for relief in his habeas petition. On May 16, 2011, respondent filed a response in support of the motion.

## II.  STANDARD OF REVIEW

Petitioner is proceeding pro se in this case.  Federal district courts are charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se complaints and petitions are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court has jurisdiction under 28 U.S.C. § 2254 to hear a petition for a writ of habeas corpus made on behalf of a person in custody pursuant to the judgment of a state court.  A petitioner must exhaust all available state court remedies to properly assert his claims in federal court.  28 U.S.C. § 2254(b)(1)(A).  "[A] federal habeas court may not review unexhausted claims that would be treated as procedurally barred by state courts-absent cause and prejudice or a fundamental miscarriage of justice." Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004).  To sufficiently exhaust available state court remedies, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" and "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  Id. at 448 (citation and internal quotation marks omitted).  In other words, "[t]he exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition."  Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir. 2001) (en banc).

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, the court may only grant relief if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). Moreover, a state court's decision involves an unreasonable application of clearly established federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a particular] case." Id.

Determinations of factual issues made by the state court are presumed correct. 28 U.S.C. § 2254(e)(1). "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. In considering under § 2254(d)(2) whether the state court's decision was based on an unreasonable determination of the facts, the court must apply the § 2254(e)(1) presumption of correctness to the state court's factual findings. See Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

Courts afford deference under AEDPA to state courts' resolutions of the habeas claims of state prisoners. See Bell v. Cone, 543 U.S. 447, 455 (2005). "As a

condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id.

Respondent has moved for summary judgment in this case. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the nonexistence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The nonmoving party must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## III.   DISCUSSION

Boseman raises three further grounds for relief:

**Ground Two:**     Trial counsel was ineffective for failing to request an alibi instruction.

**Ground Three:**   Trial counsel was ineffective for failing to request a "mere presence" instruction.

**Ground Four:**    Trial counsel was ineffective for failing to present a rebuttal witness.

Pet'r's Pet. 6-11.

The Sixth Amendment provides the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 687. Next, the petitioner must show that this deficiency prejudiced the defense. Id. at 694. The Supreme Court has recently elaborated on the interplay between Strickland and § 2254, noting that the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." Harrington, 131 S. Ct at 788 (internal quotation marks omitted); see Johnson v. Secretary, DOC, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome . . . .").

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable

> application of federal law is different from an incorrect application of federal law." A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.

Harrington, 131 S. Ct. at 785 (citation omitted).

### A.  Alibi Instruction

Boseman complains that his counsel was ineffective for failing to present an alibi instruction to the jury. Pet'r's Pet. 7-9. Boseman raised this issue in his amended PCR application and the PCR court addressed the claim. On appeal to the South Carolina Supreme Court, however, Boseman's counsel did not specifically raise the issue.[1]  The court notes that Boseman attempted to have his appellate counsel relieved and proceed pro se, in which case he would have raised this issue, but the South Carolina Supreme Court denied his motions. The South Carolina Supreme Court held that Boseman's appellate counsel "exercised reasonable professional judgment in not raising the issue of the alibi instruction" in the petition for writ of certiorari. Boseman v. State, at 2 (S.C. filed May 24, 2006).

A claim raised in a PCR application but not raised in the petition for writ of certiorari following denial of PCR is procedurally barred. As stated by the South Carolina Supreme Court, appellate counsel is not bound to raise every issue presented by the record on appeal and is granted latitude to exercise professional judgment. Further, Boseman has failed to show cause and actual prejudice to obtain relief from his defaulted claim. Wainwright v. Sykes, 433 U.S. 72, 82-84 (1977); Longworth, 377 F.3d at 447-48. Because a petitioner has no constitutional right to counsel in

---

[1] The question presented in Boseman's petition for writ of certiorari was: "Did trial counsel err in failing to present favorable witnesses in support of an alibi defense in the case?" Pet'r's Pet. for Writ of Cert. 2.

7

connection with a PCR application or appeal from a denial thereof, he cannot establish cause for procedural default of a claim by showing that counsel was ineffective. See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); Wise v. Williams, 982 F.2d 142, 144-45 (4th Cir. 1992). Nor has Boseman produced any new evidence to establish actual innocence and excuse default. Boseman was not deprived of an opportunity to have the merits of this constitutional claim reviewed, as the state PCR court addressed his claim. Out of concern for comity, see Dretke v. Haley, 541 U.S. 386, 388 (2004), the court finds Boseman's claim is not adequately preserved for federal review,[2] and rejects the magistrate judge's R&R on this ground.

### B. Mere Presence Instruction

Boseman argues next that counsel was ineffective for failing to request a "mere presence" instruction. This claim was presented to and ruled on by the PCR court, and presented to the South Carolina Supreme Court; therefore, it is preserved for federal review. The PCR court considered Boseman's claim under Strickland, finding "that [Boseman] failed to show any prejudice arising from the alleged failure of counsel to request a 'mere presence' instruction" and that "defense counsel is not ineffective for making valid trial strategy decisions." Boseman v. State, No. 01-CP-40-825, at 4-5 (Richland, S.C. Ct. Common Pleas July 21, 2005).

"The law to be charged is determined by the evidence presented at trial." Brunson v. State, 477 S.E.2d 711, 713 (S.C. 1996). Mere presence instructions are

---

[2] The magistrate judge found that even though Boseman did not raise this issue in his appeal to the South Carolina Supreme Court, the court nevertheless reached the merits of the issue in its May 24, 2006 order, and therefore the issue is preserved for federal review. The South Carolina Supreme Court held, "Since counsel did not present an alibi defense at trial, petitioner was not entitled to an alibi charge." Boseman, at 2-3 (S.C. filed May 24, 2006) (emphasis added). This court disagrees. See Carter v. Mitchell, 443 F.3d 517, 538 (6th Cir. 2006) (internal quotation marks omitted) ("[W]hen the state court relies on an independent procedural ground in order to deny relief, its discussion of the merits of the claim will not disturb the procedural bar.").

required, for example, "when evidence supports the conclusion that the defendant was merely present at the scene where drugs were found and it was questionable whether the defendant had a right to exercise dominion and control over them," id., or where there is doubt as to whether the defendant is guilty as an accomplice to a crime. The facts and evidence, however, must support such a jury instruction for it to be proper. See State v. Crosby, 584 S.E.2d 110, 112-13 (S.C. 2003). The evidence here is not sufficient to meet this standard. In support of a mere presence instruction, Boseman refers to testimony from the state's witness, Robert "Bubba" Simmons, who testified on direct examination by the state as follows:

>  Q: So you specifically asked [Boseman] after you heard Nate say that, Did you kill the pizza man? That's your testimony?
>  A: Yes, sir.
>  Q: And tell this jury what [Boseman's] response was?
>  A: He said, No, he didn't kill the pizza man.
>  Q: What else, Bubba?
>  A: But he was there. You know what I'm saying? But he told me he didn't kill him, you know; that was it.
>  Q: He said he didn't kill the pizza man but he was there?
>  A: Yeah.
>  . . .
>  Q: He was there but he didn't pull the trigger?
>  A: He didn't say he didn't pull the trigger. He didn't say who pulled the trigger.
>  Q: But he was there?
>  A: Yeah.

R. 453-54. At the PCR hearing, Boseman's trial counsel could not specifically recollect why he did not request a mere presence instruction, but noted that such an instruction would have been "completely inconsistent with the defense we were advancing." R. 1736. The defense theory advanced at trial was that Boseman had been framed by the co-defendant and his family and that Boseman was not present at

9

the murder scene. Although the defense may propound inconsistent defenses,[3] Boseman's counsel most likely made a trial strategy decision not to request a mere presence instruction because such an instruction would place Boseman at the scene of the crime and negate the principal defense theory.

Even if the testimony by Robert "Bubba" Simmons was sufficient to warrant a mere presence instruction under South Carolina law, and counsel's performance was deficient for that reason, Boseman fails to demonstrate the requisite prejudice. To establish prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The PCR court's decision reflects a reasoned application of the Strickland prejudice prong to counsel's failure to request a mere presence instruction based on the incongruity between a mere presence instruction and the defense theory that Boseman was being framed. A mere presence instruction would more likely have undermined Boseman's defense at trial. Under the "highly deferential" standard, the PCR court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law (i.e., Strickland). 28 U.S.C. § 2254(d)(1); Harrington, 131 S. Ct. at 78. The court therefore adopts the magistrate judge's recommendation on this ground.

### C.     Rebuttal Witness

Finally, Boseman contends that trial counsel was ineffective for failing to present a rebuttal witness. This claim was not ruled on by the PCR court and the

---

[3] "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor," and "[f]ederal appellate cases also permit the raising of inconsistent defenses." Mathews v. United States, 485 U.S. 58, 63-64 (1988).

South Carolina Supreme Court found it was not preserved for review. Boseman has failed to make a showing of cause, prejudice, and actual innocence resulting in a fundamental miscarriage of justice to obtain relief from his defaulted claim. See Wainwright, 433 U.S. at 82-84; Wise, 982 F.2d at 144-45. Accordingly, the court adopts the magistrate judge's recommendation on this ground and finds the claim barred from consideration.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS IN PART** the magistrate judge's R&R on the final two grounds for relief, **DENIES** the petition for a writ of habeas corpus, and **GRANTS** respondent's motion for summary judgment.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**October 11, 2011**
**Charleston, South Carolina**